**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

RAMON CURRY
REG. #18097-076                                                                                                  PETITIONER

VS.                                        2:08CV00143 WRW/JTR

T.C. OUTLAW,
Warden, FCI Forrest City                                                                              RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

>   2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.
>
>   3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Room A 149
>   Little Rock, AR 72201-3325

## I. Introduction

On July 21, 2008, Petitioner, Ramon Curry, file this § 2241 habeas action. (Docket entry #2.) On November 13, 2008, Respondent filed a Motion to Dismiss. (Docket entry #11.) Petitioner has filed a Response to the Motion. (Docket entry #13.) Thus, the issues are joined and ready for disposition.

Before addressing Respondent's Motion, the Court will review the pertinent procedural history of this case. On January 19, 2001, Petitioner was arrested by Tennessee state authorities and charged with possession of marijuana, with intent to distribute, and possession of less than .5 grams of cocaine. *Tennessee v. Curry*, Shelby Co. Crim. Ct. No. 01-13649. On January 23, 2001, Petitioner was released from custody on bond. (Docket entry #2 at 8.)

On June 6, 2001, Petitioner was indicted in United States District Court for the Western District of Tennessee on the charge of being a felon in possession of a firearm. *United States v.*

*Curry*, W.D. Tenn. No. 2:01CR20153 SHM at docket entry #1.

On June 7, 2001, Petitioner was again arrested by Tennessee state authorities on state charges of unlawful possession of marijuana and cocaine. *Tennessee v. Curry*, Shelby Co. Crim. Ct. No. 01-12917. Petitioner was placed in state custody on these charges and was *not* released on bond.[1]

On August 29, 2001, Petitioner was charged in state court with two counts of possession of contraband in a penal facility. *Tennessee v. Curry*, Shelby Co. Crim. Ct. Nos. 01-13500 and 13501.

On May 23, 2002, Petitioner entered a guilty plea in his federal case.[2] *United States v. Curry*, W.D. Tenn. No. 2:01CR20153 SHM at docket entry #51.

On March 20, 2003, Petitioner was sentenced on the federal charge. *United States v. Curry*, W.D. Tenn. No. 2:01CR20153 SHM at docket entry #70. The Judgment reflects that Petitioner was: (1) sentenced to 92 months of imprisonment in the Bureau of Prisons; (2) recommended for participation in the "500 hour" drug rehabilitation program; and (3) remanded to the custody of the United States Marshal. (Docket entry #11, Ex. 2 to Severson Aff.) Petitioner's Judgment makes no

---

[1] The record reflects that Petitioner has been in continuous custody since his June 7, 2001 arrest.

[2] Importantly, Petitioner appeared in federal court while he was in the primary custody of state authorities. Thus, his appearances in federal court were effected through writs of *habeas corpus ad prosequendum*. *See United States v. Curry*, W.D. Tenn. No. 2:01CR20153 SHM at docket entries #4 and #69; *see also United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) ("A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.")

A detention hearing on the federal charge was held on December 21, 2001. Petitioner waived his right to seek release on conditions because he was in state custody. *See United States v. Curry*, W.D. Tenn. No. 2:01CR20153 SHM at docket entry #12. In an Order of Detention, the United States Magistrate Judge noted: "[Petitioner] has a lengthy prior record and has had 9 bench warrants issued for failure to appear. He is presently being held in custody for State charges having been unable to make the bond set. He waived his bail hearing in this case, reserving the right to request a later bail hearing." *Id.*

mention of the pending state cases, and does not mention the consecutive or concurrent character of the federal sentence relative to the yet-to-be-imposed state sentences.

The next day, on March 21, 2003, Petitioner entered guilty pleas and received sentences in his state cases. Petitioner's state court Judgments reflect the following sentences:

1. Shelby Co. Crim. Ct. No. 01-12917: three years of incarceration in a "workhouse"[3]

2. Shelby Co. Crim. Ct. No. 01-13500: 11 months and 29 days of incarceration in a "workhouse"

3. Shelby Co. Crim. Ct. No. 01-13501: 11 months and 29 days of incarceration in a "workhouse"

4. Shelby Co. Crim. Ct. No. 01-13649: three years of incarceration in a "workhouse"

(Docket entry #2 at 7-13.) Petitioner's state court Judgments reflect that the three sentences in Nos. 01-12917, 01-13500, and 01-13501 were collectively ordered to run *concurrent with* each other (for an aggregate of three years), and *consecutive to* the fourth sentence in 01-13649. Thus, Petitioner received an aggregate six-year sentence in state court. Finally, the state court ordered that *all* of Petitioner's state court sentences were to run *concurrent with* "federal case # 01CR20153-01."

After Petitioner was sentenced in state court, he remained in state custody and began serving his state sentences.

Petitioner completed service of his state sentences on March 29, 2005. (Docket entry #11 at ¶2.) He began service of his federal sentence on March 31, 2005 (with credit given for March 30, 2005), and is currently projected to be released on March 18, 2012. (Docket entry #11, Ex. 1 to

---

[3]Depending on the length of incarceration, Tennessee sentencing law allows a court to sentence a defendant to continuous confinement in: (1) the Tennessee Department of Correction; (2) a county jail; or (3) a "workhouse." *See* Tenn. Code Ann. § 40-35-104.

4

Severson Aff.)

On August 29, 2006, Petitioner initiated an Informal Resolution Attempt at FCI Forrest City seeking to have his federal sentence "run concurrent with" his state sentence. (Docket entry #2 at 15.) According to Petitioner, "[i]t was the intent of my sentencing courts that my [state] time served be designated as served in a federal facility." *Id.* Petitioner was denied relief, and his administrative appeal was affirmed by the Warden of FCI Forrest City on October 27, 2006. (Docket entry #11, Ex. 5 at 5.)

On January 10, 2007, Petitioner filed a BOP Regional Administrative Remedy Appeal requesting "credit toward [his] federal sentence for time served in state custody." (Docket entry #5, Ex. 5 at 4.) On March 14, 2007, the BOP Regional Director's Office wrote Petitioner informing him that his request for a "*nunc pro tunc*" designation[4] was being reviewed by the Designation and Sentence Computation Center pursuant to BOP Program Statement 5160.05. (Docket entry #5, Ex. 5 at 3.)

On July 10, 2007, Delbert Sauers, Chief of the BOP Designation and Sentence Computation Center, wrote Petitioner's federal sentencing judge, United States District Judge Samuel H. Mays, Jr., explaining as follows:

> On March 20, 2003, [Petitioner] was sentenced in the Western District of Tennessee to a 92-month term for Felon in Possession of a Firearm. At the time the above sentence was imposed, [Petitioner] was in the primary custody of state authorities and in federal custody via a writ. Therefore, he was appropriately returned to state custody after sentencing. As the federal Judgment and Commitment (J&C) order was silent as to the pending state sentence, the J&C was lodged as a detainer.

---

[4] A "*nunc pro tunc*" designation is the BOP's term for a request that time served in a state prison be applied toward a federal sentence. For all practical purposes this is a request that a federal sentence be designated to run concurrent with a state sentence.

5

> On March 21, 2003, [Petitioner] was sentenced in state court to a 6-year term of confinement for two counts of Schedule II Drugs. On March 29, 2005, [Petitioner] was released to the federal detainer by state authorities.

(Docket entry #11, Ex. 4 to Severson Aff.) Mr. Sauers advised the court that Petitioner had requested the BOP to run his federal sentence *concurrent* with his state sentence and that it was the "preference of the [BOP] that the federal sentencing court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful to [the BOP's] determination to grant or deny the request." *Id.* Thus, Mr. Sauer requested the "Court's position on a retroactive designation in this case."[5] *Id.*

The record reflects that the BOP did *not* receive a response from Judge Mays. *See* docket entry #11, Severson Aff. at ¶ 6 ("As of this date [November 7, 2008], the Honorable District Judge Mays has not replied [to Sauer's letter].").

On September 20, 2007, April Goode, the Federal Public Defender who represented Petitioner in his federal case, wrote Petitioner informing him that the BOP had inquired of Judge Mays concerning the calculation of his sentence. In her letter to Petitioner, Ms. Goode stated the following:

> I met with Judge Mays and Assistant United States Attorney David Henry today with respect to the BOP inquiry. After the Judge reviewed your state sentencing orders, he determined that he would advise the BOP that he would have sentenced you concurrently. Hopefully, this will allow the BOP to credit you with your state time.

(Docket entry #2 at 14.) A minute entry in the docket sheet of Petitioner's federal criminal case reflects that, on August 14, 2007, Judge Mays conducted an attorney conference with AUSA David Henry and FPD April Goode concerning the letter from the BOP. *United States v. Curry*, W.D.

---

[5]The BOP's letter to Judge Mays was also copied to Assistant United States Attorney David Henry and United States Probation Officer Judy Pamer.

Tenn. No. 2:01CR20153 SHM at docket entry #82. The minute entry further reflects that the United States Attorney was to obtain Petitioner's state court judgments, and the attorney conference was "reset" to August 30, 2007. *Id.* at docket entry #83. This "attorney conference" was later continued, and, on September 11, 2007, a "Setting Letter" was entered resetting the conference for September 20, 2007. *Id.* at docket entry #88. There is nothing further in the docket sheet reflecting any activity in the case on September 20, 2007, or at any other time in the future.

The next and last docket entry in the case is a *pro se* "Motion to Amend and/or Clarify Judgment" which Petitioner filed on March 9, 2009. *Id.* at docket entry #89. As of this writing, this Motion remains pending.

Although Petitioner has produced a copy of Ms. Goode's letter in this habeas action, there is nothing in the record indicating that Petitioner provided the BOP with a copy of that letter during the administrative proceeding.

On November 8, 2007, the BOP affirmed the denial of Petitioner's request to "receive credit toward [his] federal sentence for time served in state custody":

> Prior custody credit is governed by [18 U.S.C. § 3585(b)], which prohibits the application of credit toward a federal sentence that was applied toward another sentence. The time you are requesting was applied toward another sentence. Therefore, it cannot be credited to your federal term. However, we have reviewed your request pursuant to Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) and according to the factors set forth in [18 U.S.C. § 3621(b)]. In your case, we have determined the relevant factors under the stature are: (2), (3), (4) and (5). With respect to factor (2), the nature and circumstances of the offense; your instant federal offense is Felon in Possession of a Firearm. You were sentenced on March 20, 2003, in the U.S. District Court for the Western District of Tennessee to a 92-month term. With respect to factor (3), the history and characteristics of the offender; your Presentence Investigation Report indicates a criminal history dating back to age 16 in 1991, including arrests for Domestic Violence, manufacturing, Delivery, Sale of Controlled Substance, Evading Arrest, Possession of Burglary Tools, Unlawful Possession of Controlled Substance, Unlawful Possession of a Weapon, Aggravated

>   Assault, and Aggravated Burglary. Records also reflect two (2) institution infractions for Being Absent From Assignment and Possessing a Dangerous Weapon.
>
>   With respect to factor four (4) any statement by the Court which imposed the sentence, the federal Judgment and Commitment Order was silent regarding the relationship of the federal sentence to any impending state sentence. However, the sentencing court was contacted and requested to provide input regarding your request. The Court did not respond to our request.
>
>   Finally, considering factor five (5), any pertinent policy issued by the United States Sentencing Guidelines; the federal sentencing court is authorized under [U.S.S.G. § 5G1.3] to alter the manner in which a federal sentence is served in order to achieve a reasonable punishment for the offense. As previously indicated, the federal sentencing court did not elect to exercise its discretion to run the federal sentence concurrently with your impending state sentence.
>
>   Based on the above, your appeal is denied.

(Docket entry #11, Ex. 5 to Severson Aff.)

In this habeas action, Petitioner argues that the BOP should have granted his request for a *nunc pro tunc* designation and credited his federal sentence with the time he served on his state sentence. (Docket entry #2.) In his Motion to Dismiss (docket entry #11), Respondent contends that the BOP properly denied Petitioner's request for a *nunc pro tunc* designation.[6]

For the reasons discussed below, the Court concludes that the BOP acted within its discretion in denying Petitioner's request for a *nunc pro tunc* designation. Thus, the Court recommends that Respondent's Motion to Dismiss be granted, and that the Petition be dismissed, with prejudice.

## II. Discussion

According to Respondent, Petitioner's habeas claim has no merit because the denial of Petitioner's requested *nunc pro tunc* designation was made pursuant to existing BOP policy that allows the BOP to exercise its discretion in determining whether to designate a state institution as

---

[6]Respondent concedes that Petitioner has exhausted his administrative remedies.

the place for service of a federal sentence.

Under 18 U.S.C. § 3585(a), a federal sentence commences on the date when a defendant is received in federal custody, so that a defendant, like Petitioner, who is in state custody serving a state sentence, ordinarily receives no credit on his federal sentence. 18 U.S.C. § 3585(a). However, under 18 U.S.C. § 3621(b), the BOP retains the discretion to designate a state institution as the official facility for service of a federal sentence. *See* 18 U.S.C. § 3621(b) (authorizing the BOP to designate "any available penal or correctional facility that meets minimum standards . . . whether maintained by the Federal Government or otherwise.").

Section 3621(b) lists five factors which should be considered by the BOP in exercising such discretion: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. *See* 18 U.S.C. § 3621(b)(1)-(5). "This statute provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered." *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (*quoting Fults v. Sanders*, 442 F.3d 1088, 1090-91 (8th Cir. 2006) (internal quotations omitted)). Thus, the BOP "has the practical power to make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence." *Fegans*, 506 F.3d at 1103 (quoting *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000) (internal citations omitted)).

When a federal defendant is "already subject" to "an undischarged term of imprisonment," 18 U.S.C. § 3583(a) authorizes the district court to make the federal sentence consecutive or concurrent to "the undischarged term."[7] However, this provision does *not* expressly address whether a federal court may designate a federal sentence to run consecutive or concurrent to a *yet-to-be-imposed* state sentence.[8] In *Fegans*, *supra*, the Eighth Circuit noted the problem created by this gap in the language of § 3583:

> After a federal conviction and sentencing, the U.S. Marshals Service returns the defendant to state authorities rather than delivering him to the BOP to begin serving his federal sentence. When the defendant is convicted in state court and begins serving his state sentence, a federal detainer is lodged based upon the unserved federal sentence. When the state sentence has been served, the detainer is executed and the defendant is delivered to the BOP to serve his federal sentence. The issue is compounded when, again as in this case, the state court initially declares that the sentences should be concurrent. It is well-settled that the state court's intent is not

---

[7]The state court judgment makes it clear that all of the state sentences were to run *concurrent* with the federal sentence. It is well-established, however, that such a determination is *not* binding as to whether the federal sentence is consecutive or concurrent. *See Hendrix v. Norris*, 81 F.3d 805 (8th Cir. 1996) ("the state court [is not] responsible for the federal court's imposition of a consecutive sentence: the discretion of a federal sentencing court cannot be limited by a state court's judgment") (citing *United States v. Adair*, 826 F.2d 1040, 1041 (11th Cir. 1987)); (*United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995) ("Although the state court attempted to impose a concurrent sentence, a federal court's determination that a federal sentence run consecutive to a state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction") (internal citation and quotations omitted).

[8]The pertinent provision governing the consecutive or concurrent of multiple sentences is found at 18 U.S.C. § 3584(a):
(a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

binding, so the state court's action raises the defendant's expectations but does not resolve the issue.

*Fegans*, 506 F.3d at 1103-04 (internal footnote omitted). According to the Court, "[t]he BOP has acted to fill this void, largely as a result of a Third Circuit command that the BOP exercise authority 'to determine concurrency' through a *nunc pro tunc* designation of the state prison as the place of federal confinement when the federal district court lacks power to do so."[9] *Fegans*, 506 F.3d at 1104 (quoting *Barden v. Keohane*, 921 F.2d 476 (3d Cir.1990)).

In reviewing the BOP's decision to deny Petitioner his requested *nunc pro tunc* designation, the Court first notes the applicable standard of review. The BOP's decision is reviewed "for abuse of the agency's substantial discretion under 18 U.S.C. § 3621." *Fegans*, 506 F.3d at 1105. The scope

---

[9]In response to the *Barden* case, the BOP promulgated Program Statement 5160.05 in order to "provide instructions for the designation of a state institution for concurrent service of a federal sentence." Docket entry #9, Ex. 8 at ¶1. Under the Program Statement, a "designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Id. at ¶ 8. When presented with a *nunc pro tunc* request where "concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term)," the Program Statement first requires that the BOP make an inquiry to the original federal sentencing court to ascertain the court's intent. *Id.* at ¶ 9. The Program Statement specifically provides as follows:

> (c) In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA ["Regional Inmate Systems Administrator"] will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.
> (d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

*Id.* at ¶9(c)-(d).

of this review is "limited," and the BOP's findings are "entitled to substantial deference." *Id.*

Turning to the BOP's decision, it relied heavily on Petitioner's extensive criminal history and his conduct while confined. (Docket entry #11, Ex. 5 to Severson Aff.) There is no indication that the BOP: (1) failed to consider the five required factors which guide its exercise of discretion; (2) considered an improper factor; or (3) failed to consider a proper factor.

Petitioner is essentially left to argue the September 20, 2007 letter from Ms. Goode to Petitioner, which suggests that, at least at one point in time, Judge Mays expressed an intent for Petitioner's federal sentence to run concurrent with his state sentences.[10] However, even if such a determination was made by Judge Mays, there is no evidence in the record that it was ever conveyed to the BOP. The record establishes that the BOP *followed its policy* in sending the federal sentencing court an inquiry, and that *it received no response*. *Cf. Wilson v. Young*, 2006 WL 1789825 (W.D. La. May 22, 2006) (unpublished decision) (affirming the BOP's denial of a *nunc pro tunc* designation in part because the federal judgment and commitment order was silent, and the sentencing judge did not respond to the BOP's letter indicating that petitioner's federal sentence would be served consecutively to the state sentence unless the judge intended otherwise); *Black v. Sanders*, 2006 WL 1489200, *2 (E.D. Ark. May 2, 2006) (unpublished decision) (affirming the BOP's denial of *nunc pro tunc* designation — noting that the BOP wrote the federal court a letter

---

[10]Because Ms. Goode's letter references a September 20, 2007 meeting with Judge Mays, and the docket sheet in Petitioner's federal criminal case references that the "attorney conference" had been continued until September 20, 2007, it is certainly possible that Judge Mays told Ms. Goode that "he would advise the BOP that he would sentence you [Petitioner] concurrently." However, without any record of such an attorney conference or a decision noted in the docket of Petitioner's criminal case, it is also possible that Judge Mays changed his mind, upon further reflection, and elected to remain silent on the issue. In any event, the Court questions why defense counsel did nothing to create a record on such an important determination having been made by the sentencing judge.

inquiring as to whether it intended that the federal sentence run concurrent with the state sentence — "The sentencing judge did not respond to the inquiry. In the absence of any input from the sentencing judge, the BOP denied the petitioner's request[.]").

Under these circumstances, and given the limited and deferential scope of review that this court must follow, it concludes that the BOP fulfilled its obligation to consider Petitioner's request for a *nunc pro tunc* designation by considering the statutory factors and the Program Statement.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (docket entry #11) be GRANTED, and the case be DISMISSED, WITH PREJUDICE.

Dated this 24th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE